PETER BRASSELER HOLDINGS, L.P.,

Plaintiff,

v.     407CV025

GEBR. BRASSELER GmbH & Co. KG, KOBRA, INC. d/b/a/ KOMET USA, and KOMET USA, LLC,

Defendants.

# ORDER

## I. INTRODUCTION

Peter Brasseler Holdings, L.P. (Brasseler USA) brought this unfair trade practices case against Gebr. Brasseler (GBL). Doc. # 1. Brasseler USA filed the case in this forum despite a previously filed suit by GBL against it the Northern District of Georgia. GBL moves to dismiss or, in the alternative, transfer this case to the Northern District in order to avoid needless duplication of proceedings. Doc. # 17.

Meanwhile, this Court entered a preliminary injunction prohibiting, for the pendency of this litigation, certain advertising and sales practices in which GBL has allegedly engaged. Doc. # 36. Contending that GBL violated that injunction, Brasseler USA moves for contempt, and also to modify the injunction itself. Doc. # 52.

## II. BACKGROUND

Brasseler USA and GBL are in the dental tools business; both parties sell dental drill bits, or "burs." Pursuant to an "exclusive supply agreement," Brasseler USA was the sole marketer of GBL-manufactured burs in the United States. The agreement ended on 12/31/06, at which point GBL entered the U.S. bur sales market, utilizing a subsidiary -- Komet -- to sell GBL-manufactured burs.

The parties currently are litigating in three forums. In state court (Fulton County, Georgia) they are litigating GBL's performance on the supply agreement. In the U.S. District Court for the Northern District of Georgia (also Fulton County), GBL seeks a declaratory judgment that its use of the name "Peter Brasseler, Sr." does not violate federal trademark law (doc. # 17, exh. B at 7), while some of Brasseler USA's advertising does. *Id.* at 5-7. And in this Court Brasseler USA sues GBL and Komet, alleging false and misleading advertising, doc. # 1 at 8-9, trademark infringement, *id.* at 9-11, false designation of origin, *id.* at 11-14, trade dress infringement, *id.* at 14-16, and various state-law claims. *Id.* at 16-19.

On 3/30/07, the Court entered an Order prohibiting GBL from (1) "Making or publishing any statements that Brasseler USA is out of business or will soon be out of business;" (2) "Making or publishing any statements that Brasseler USA can no longer supply burs or other dental products;" (3) "Making or publishing any statements that Komet or GBL is the parent company of Brasseler USA;" and (4) "Making or publishing any statement that discusses the 'exclusive supply agreement' without clarifying that GBL was one of multiple manufacturers of Brasseler USA burs." Doc. # 36 at 6.

Brassler shows that, three days after the injunction was faxed to both parties (*see* doc. # 36 at 7), GBL sent letters out containing the assertion that their products have been sold by

Brasseler USA "under an exclusive supply agreement" -- without also clarifying that GBL was *not* the exclusive manufacturer of Brasseler USA burs. Doc. # 53, exh. A. Brasseler also presents several affidavits alleging GBL malfeasance. *Id.* exhs. B-F. GBL has not yet responded, *see* docket entry # 52 ("Responses due by 5/30/2007"), so that motion is not yet ripe.

Before Brassler USA filed its contempt motion, however, GBL moved the Court to dismiss this action by applying what has been deemed the "first-filed rule." Doc. # 17. The Court will reach that motion now.

### III. ANALYSIS

"Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). Courts abuse that discretion, however, by dismissing or staying a case that is not "duplicative." *Id.* at 1552. "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Id.* at 1551.

"Where two actions involving overlapping issues and parties [*i.e.*, duplicative actions] are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The court entertaining the first-filed action should only dismiss if "the party objecting to jurisdiction ... carr[ies] the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Id.*; *see, e.g., Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (noting that where declaratory judgment action filed "in apparent anticipation of imminent judicial proceedings" trial court has discretion to dismiss the case without prejudice). This Court therefore must ask:

(1) Are the lawsuits duplicative?

(2) If they are, which case should be dismissed (*i.e.*, if the first-filed rule applies, then the second suit is dismissed; if the "compelling circumstances" exception applies then the first case is dismissed).

(3) If the cases are *not* duplicative, whether "[f]or the convenience of parties and witnesses, in the interest of justice" the Court should transfer the case anyway, pursuant to the federal change-of-venue statute, 28 U.S.C. § 1404(a).

In duplicative-lawsuit situations, the first-filed court decides which case should be dismissed to avoid conflicting results. *See Kate Aspen, Inc. v. FashionCraft-Excello, Inc.*, 370 F.Supp.2d 1333, 1338 (N.D.Ga. 2005); *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F.Supp. 604, 606-07 (S.D.Fla. 1997); *Spinevision, Inc. v. Burel*, 2006 WL 3531723 (N.D.Ga. 2006) (unpublished). *But see BellSouth Adver. & Publ'g Corp. v. The Real Color Pages, Inc.*, 792 F.Supp. 775, 786 (M.D.Fla. 1991) (a "second-filed" court resolved the issue, "conclud[ing] that Defendants' [first-filed] action was filed in anticipation of this action, and therefore declin[ing] to ... dismiss this action because of the pendency of the [first-filed] action").

This Court has before it a second-filed action. Therefore the Court must first decide

whether this action is duplicative of the Northern District action. If the proceedings are duplicative, the case must be stayed to allow the Northern District to adjudicate the first-filed rule's "compelling circumstances" exception. If the proceedings are not duplicative, this Court has no discretion to stay or dismiss the action. *I.A. Durbin*, 793 F.2d at 1552.

Though the parties are not significantly different, the issues in this forum do not overlap with the issues being litigated in the Northern District at all. No precedent guides this sort of situation (*i.e.*, similar parties but dissimilar issues, thus rendering the cases similar, but enough to be deemed "duplicative"?).

Though no court has established the proposition, this Court holds that in this situation it makes sense to apply F.R.Civ.P. 13(a)'s "transaction or occurrence" test for compulsory counterclaims to determine whether actions are duplicative. Here, the claims at issue did not arise out of the same "transaction or occurrence" as the Northern District claims. The Northern District litigation encompasses Brasseler USA's advertising and GBL's use of the name "Peter Brasseler, Sr." The only advertising at issue in this case is *GBL's*, not Brasseler USA's. And Brasseler USA raises no claim here on the name "Peter Brasseler, Sr."

Because the issues in the two cases do not arise from the same transaction or occurrence, the cases are not duplicative. To dismiss or stay this case, then, would constitute an abuse of discretion. GBL's motion to dismiss is therefore denied.

GBL, however, also moves for a change of venue. The federal change-of-venue statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is undisputed that this case could have been brought in the Northern District. GBL contends that transfer to the Northern District would serve the "convenience of the parties and witnesses" and be "in the interest of justice." Doc. # 17 at 14.

GBL sues Brasseler USA in the Northern District and Brasseler USA brings an *unrelated* claim against GBL here in this District. The two cases create a conundrum involving three interests: the public interest in efficient litigation (bundling all litigation between two parties, however unrelated the litigation, thus sparing judicial resources), GBL's interest in its choice of forum for its claim, and Brasseler USA's similar interest in its choice of forum for its claim.

All three possible solutions promote two of the interests to the detriment of the other. If this Court transfers to the Northern District, judicial efficiency and GBL's choice of forum are promoted to the detriment of Brasseler USA's choice of forum. Similarly, if the Northern District transfers its case here, efficiency and Brasseler USA's choice of forum would, in effect, trump GBL's choice of forum. Finally, if both courts could retain the claims before them, then each parties' choice of forum is preserved but judicial efficiency is sacrificed.

It's been said that "although a plaintiff's choice of forum is entitled to deference, it is not a more important factor than the presence of related proceedings in the transferee district. In the instant action, the [plaintiff]'s choice of forum is outweighed by the related proceedings and the [transferee forum] is no more inconvenient for the [plaintiff] than the [current forum]." *Martin v. S.C. Bank*, 811 F.Supp. 679,

3

686 (M.D.Ga. 1992) (cite omitted). The problem, of course, is that this analysis could as easily apply to a motion to transfer filed by Brasseler USA in the Northern District.

In the end, the Court is not convinced that the public's interest in efficiency should trump Brasseler USA's choice of forum here. These cases involve unrelated claims, so the benefits of combining them in a single forum are less than those that would occur if substantial issue overlap existed.

Also, the instant claims do not "ar[ise] out of the same transaction or occurrence" as the Northern District claims. F.R.Civ.P. 13(a). Theoretically, then, Brasseler USA could voluntarily dismiss its claims here rather than accept a transfer. But then it would be free to refile its claims here (since they are unrelated) once Northern District litigation terminates. So even were the public interest in efficient litigation to trump Brasseler USA's choice of forum, Brasseler USA could unilaterally decide to eliminate that efficiency by postponing its Southern District claims until the Northern District litigation concluded.

Finally, the Court has before it Brasseler USA's contempt motion and motion to modify the preliminary injunction. Doc. # 52. The Court is unwilling to push these motions onto another court's docket while this Court retains the helpful knowledge gleaned from presiding over the case thus far. In short, the motion to transfer is denied, but the Court may consider a similar motion after the contempt/modification motion is adjudicated.

## IV. CONCLUSION

The motion of defendants Gebruder Brasseler, Komet USA, and Komet USA, LLC is *DENIED*. Doc. # 17.

This 24 day of April, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA